# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | | |
|---|---|---|
| BOBBY S. WINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:12-cv-00042 |
| | ) | |
| UNUM LIFE INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

Defendant, Unum Life Insurance Company of America ("Unum Life"), pursuant to 28 U.S.C. §§ 1441 and 1446, gives notice of the removal of this action from the Circuit Court of Coffee County, Tennessee to this Court. In support of this removal, Unum Life would show as follows:

1. Plaintiff, Bobby S. Wines ("Plaintiff"), commenced this action on or about May 24, 2012, by filing a Complaint in the Circuit Court of Coffee County, Tennessee. This action is docketed as Case No. 39591 (the "State Court Action").

2. Plaintiff initially served the Tennessee Department of Commerce and Insurance on May 30, 2012. Unum Life's agent for service of process was served on June 12, 2012.

3. This Notice of Removal is timely filed pursuant to 28 U.S.C. §1446(b) within thirty (30) days after service of the Summons and Complaint in the State Court Action upon Unum Life.

4. Copies of all process and pleadings filed and served on Unum Life in the State Court Action are attached hereto as **Exhibit 1**.

5. A copy of the written notice required by 28 U.S.C. §1446(d) to be directed to the Clerk of the Circuit Court of Coffee County, Tennessee, is attached hereto as **Exhibit 2**. A copy of the written notice required by 28 U.S.C. §1446(d) to be directed to counsel for Plaintiff is attached hereto as **Exhibit 3**. Unum Life will file and serve these notices upon Plaintiff's counsel after the filing of this Notice of Removal.

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1441(a), because this district and division embrace the place in which the removed action is pending, i.e. Coffee County, Tennessee.

7. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000.00 and the parties are citizens of different states.

8. Plaintiff is a resident of Coffee County, Tennessee.

9. Unum Life is incorporated in the State of Maine. Its principal place of business is in Maine located at 2211 Congress Street, Portland, Maine 04122.

10. In his Complaint, Plaintiff avers that he was employed by Restoration Baptist Ministry of the Southern Baptist Convention, through which he maintained long-term disability insurance through a plan provided by Guidestone Financial Resources under policy number 111605 (the "Plan").

11. Beginning on or about March 22, 2011, Plaintiff was approved for long-term disability benefits and began receiving monthly payments.

12. Plaintiff alleges that he is also eligible for DISABILITY PLUS benefits under the Plan.

13. DISABILITY PLUS benefits provide for an additional monthly benefit of twenty percent (20%) of the insured's monthly earnings, if the insured meets certain criteria, outlined in the Plan.

14. Unum Life has denied that Plaintiff is eligible for DISABILITY PLUS benefits. Plaintiff is seeking a declaration that Plaintiff is entitled to DISABILITY PLUS benefits and retroactive payment of those benefits reaching back to March 22, 2011. If Plaintiff were eligible for the DISABILITY PLUS benefits, he would receive an additional $750.00 per month for a total of $11,250.00 for the past fifteen (15) months.

15. Plaintiff was born on October 5, 1971, and is now forty (40) years old. Thus, Plaintiff's future DISABILITY PLUS benefit payments for the next 25 years to age sixty-five (65) would total $146,249.46. Accordingly, the total amount in controversy is $157,499.46.

16. Where a complaint does not specify an amount in controversy, the burden is on the defendant "to show by a preponderance of the evidence that the amount in controversy requirement has been met." *Trapp v. Wal-Mart Stores, Inc.*, 1:12-CV-0029, 2012 WL 1813421, at *3 (M.D. Tenn. May 18, 2012) (quoting *Hayes v. Equitable Energy Res. Co.,* 266 F.3d 560, 572 (6th Cir.2001)). This burden is met if the defendant proves that is "more likely than not" that the plaintiff's claims satisfy the amount in controversy requirements. *Id*.

17. Further, the Sixth Circuit addressed the amount of controversy required to meet the federal court jurisdictional requirement in *Lodal, Inc. v. Home Insurance Company of Illinois*, 156 F.3d 1230, 1998 WL 393766 (6th Cir. 1998). In that case, the plaintiff sought a declaration of coverage for its litigation expenses under the insurance policy issued by the defendant. The Court, following a United States Supreme Court decision, found that where a plaintiff is seeking a declaratory judgment, the amount in controversy is the value of the object

of the litigation. *Id*. at *1 (citing *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)). Courts in the Sixth Circuit generally agree that the amount in controversy should be determined "from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect." *Woodmen of the World/Omaha Woodmen Life Ins. Soc. v. Scarbro*, 129 F. App'x 194, 195-96 (6th Cir. 2005) (quoting *Buckeye Recyclers v. CHEP USA,* 228 F. Supp.2d 818, 821 (S.D. Ohio 2002); *see also Pennsylvania R. Co. v. City of Girard,* 210 F.2d 437 (6th Cir. 1954); *Goldsmith v. Sutherland,* 426 F.2d 1395, 1398 (6th Cir. 1970); Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3708 (3d ed.1998).

18. Here, Plaintiff's Complaint in the State Court Action does not specify an amount in controversy, but seeks a declaration that he is entitled to DISABILITY PLUS benefits and retroactive payment of such benefits dating back to his approval for long-term disability benefits in March 2011. Accordingly, the economic value of the object of the litigation, DISABILITY PLUS benefits, will be in excess of $75,000.00 should Plaintiff prevail on the claims asserted in his Complaint.

19. **WHEREFORE**, Unum Life requests that this case be removed from the State Court of Coffee County, Tennessee and proceed in the United States District Court for the Eastern District of Tennessee, Winchester Division, as an action properly removed hereto.

Respectfully submitted this 29th day of June, 2012.

MILLER & MARTIN, PLLC

**/s/Jade D. Dodds**
James T. Williams (TN BPR No. 16341)
jwilliams@millermartin.com
Jade D. Dodds (TN BPR No. 028004)
jdodds@millermartin.com
832 Georgia Avenue
Chattanooga, TN  37402-2289
Telephone: (423) 756-6600
Facsimile: (423) 785-8480
*Attorneys for Unum Life Insurance*
 *Company of America*

## CERTIFICATE OF SERVICE

I hereby certify that on **June 29, 2012**, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

> Thompson G. Kirkpatrick
> 106 East Main Street
> Manchester, TN 37358

> **MILLER & MARTIN PLLC**
>
> **/s/Jade D. Dodds**
> James T. Williams (TN BPR No. 16341)
> jwilliams@millermartin.com
> Jade D. Dodds (TN BPR No. 028004)
> jdodds@millermartin.com
> 832 Georgia Avenue
> Chattanooga, TN 37402-2289
> Telephone: (423) 756-6600
> Facsimile: (423) 785-8480
> *Attorneys for Unum Life Insurance Company of America*